**UNITED STATES of America ex rel. Raymond COOPER, Petitioner-Appellant,**

v.

**WARDEN, ILLINOIS STATE PENITENTIARY, PONTIAC BRANCH, Respondent-Appellee.**

**No. 77–1025.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1977.

Decided Nov. 29, 1977.

---

Robert P. Isaacson, Asst. Public Defender, Chicago, Ill., for petitioner-appellant.

Gerri Papushkewych, Asst. Atty. Gen., Springfield, Ill., William J. Scott, Atty. Gen., Chicago, Ill., for respondent-appellee.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and KUNZIG,* Judge.

KUNZIG, Judge.

This is an appeal from a summary judgment in the district court which denied Petitioner-Appellant's petition for a writ of habeas corpus. Appellant bases his appeal, as he did his original petition, on the assertion that he was mentally incompetent to comprehend his *Miranda* warnings and that his confession, rendered after his *Miranda* rights had been properly explained, had been erroneously admitted into evidence at his original state court trial. The district court found Appellant's reasoning unconvincing and entered summary judgment for the Respondent-Appellee. We affirm.

Raymond Cooper (Appellant) was convicted, after a jury trial in the Circuit Court of Cook County, of murder, robbery, and burglary and sentenced to serve fourteen to eighteen years in prison for his participation in the killing of a Chicago woman, which occurred while he and his cohorts were burglarizing her home on September 28, 1970. The evidence at trial included a statement by Cooper describing how he had "grabbed [the woman] from behind" as she entered her kitchen door and held her while an accomplice wrapped a towel around her face to keep her from screaming. The woman was strangled.

Cooper had moved to suppress this statement on grounds that he was mentally incompetent to comprehend the *Miranda* warnings which he had admittedly been given prior to any police questioning and prior to his statement. He argued that the uncontradicted testimony of expert witnesses established that he could not have understood his *Miranda* warnings in the form in which they were given and that any asserted waiver of his *Miranda* rights should, therefore, not be considered knowing and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Cooper made this argument at the original motion to suppress, which was denied, on appeal to the Appellate Court of Illinois, which affirmed his conviction, *People v. Cooper*, 30 Ill.App.3d 326, 332 N.E.2d 453 (1975), and to the Illinois Supreme Court, which denied his petition for leave to appeal, without opinion, on November 24, 1975. His petition for a writ of certiorari was also denied. *Cooper v. Illinois*, 425 U.S. 994, 96 S.Ct. 2206, 48 L.Ed.2d 818 (1976). Cooper again made the same argument in the district court habeas corpus proceedings. Judge Kirkland found no justifiable reason to upset the completed state court process. Nor do we.

Far from being "uncontradicted," the testimony of Cooper's own expert witnesses (two psychologists and one psychiatrist) was inconclusive, equivocal, and contained its own contradictions. The record of this testimony supports the conclusions that (1)

---

* Judge Robert L. Kunzig of the United States Court of Claims is sitting by designation.

although Cooper had a low I.Q. and was "not spontaneous," he was able to " . . . go through and read this [his *Miranda* rights] himself and understand [his *Miranda* rights] himself as a whole"; (2) he responded "quickly and directly," and (3) he could "read and understand" his *Miranda* rights if he were helped and "if he took the time." [1]

More importantly, Cooper's own behavior and actions when he testified at the suppression hearing were clearly discernible to the trial judge. Cooper himself never claimed not to have understood his *Miranda* rights and the record shows that he was able to respond to the questions of the attorneys at the hearing with no apparent difficulty. One particular colloquy demonstrated a fatal flaw in Cooper's claim that he failed to comprehend his *Miranda* rights:

Cooper's Attorney: Did they tell you—strike that—when did you ask for a lawyer?

Cooper: After when the police told me that if you could not afford an attorney that one would be furnished to you.

By this response, Cooper affirmatively demonstrated, in court, that he had comprehended his *Miranda* rights with sufficient clarity to request an attorney immediately upon his being offered one.[2] The additive impact of these factors on the state trial judge (who personally saw and heard the witnesses), plus the equivocal nature of the expert testimony, placed it well within his discretion to find that Cooper had understood his *Miranda* rights and had knowingly and intelligently waived them.

On this substantial, written record, the district court had no alternative but to defer to the findings made by the state court after the hearing, 28 U.S.C. § 2254(d) (1971), particularly when a state appellate court has made an independent factual review of an adequate record. *See, United*

*States ex rel. Harris v. Illinois*, 457 F.2d 191, 195–96 (7th Cir.), *cert. denied*, 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972).

For these reasons, we hold that the district court properly denied this petition for a writ of habeas corpus and that judgment in favor of Respondent-Appellee is

Affirmed.

---

1. The Illinois Appellate Court found it significant that the officer taking the two-page statement testified that the question and answer period associated with the waiver of rights and the statement itself took approximately one hour to complete. *People v. Cooper*, 30 Ill. App.3d at 333, 332 N.E.2d at 458.

2. The argument of Appellant's counsel in this court that Cooper's testimony came only after a year's experience in legal proceedings and is, therefore, not indicative of his true intelligence is unconvincing. If Cooper were mentally incompetent, as counsel would have us believe, a year in the county jail would hardly improve his ability to respond.